**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| Ward Participations B.V. | |
| Plaintiff, | |
| v. | Civil Action No. 6:21-cv-01195 |
| Wells Fargo & Company, Wells Fargo Bank, N.A., | **JURY TRIAL DEMANDED** |
| Defendants | |

**COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ward Participations B.V. ("Ward Participations" or "Plaintiff"), files this Complaint for Patent Infringement against Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively referred to together as "Wells Fargo" or "Defendants"), and would respectfully show the Court as follows:

**PARTIES**

1.   Plaintiff is a Limited Liability Company registered in Netherlands, having its statutory seat at Aerdenhout with its principal place of business located at Sloterweg 71, 1171 CG Badhoevedorp Noord-Holland Netherlands.

2.   On information and belief, Defendant Wells Fargo & Company is a Delaware corporation with a principal address of 420 Montgomery Street, San Francisco, California, 94104.  Wells Fargo & Company is the parent corporation of Defendant Wells Fargo Bank, N.A. and exercises specific and financial control over the operations of Defendant Wells Fargo Bank, N.A., dictates the policies, procedures, and practices of Defendant Wells Fargo Bank, N.A., and exercises power and

1

control over the specific activities upon which the claims herein are based.  Defendant Wells Fargo & Company is registered to do business in Texas and may be served via its registered agent at CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833.

3.  On information and belief, Defendant Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo & Company and is headquartered in South Dakota.  Defendant Wells Fargo Bank, N.A. and has regular and established places of business throughout this District, including at least at 111 Congress Avenue Floor 1, Suite 150, Austin, Texas 78701.  Defendant Wells Fargo Bank, N.A. is registered to do business in Texas and may be served via its registered agent at 327 Hillsborough Street, Raleigh, North Carolina 27603.

4.  On information and belief, Defendants directly and/or indirectly develop, design, manufacture, distribute, market, offer to sell and/or sell infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with their products and services.

## **JURISDICTION**

5.  This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

6.  This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendants because, directly or through intermediaries, Defendants have committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

7.   Plaintiff's causes of action arise, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

8.   Defendants have committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendants, directly and through intermediaries, make, use, sell, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products into this District and the State of Texas. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

9.   This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District.  This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendants knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendants are subject to personal jurisdiction in this Court because, *inter alia*, Defendants have regular and established places of business throughout this District, including at least at 111 Congress Avenue Floor 1, Suite 150, Austin, Texas 78701, and directly and through agents regularly does, solicits,

and transacts business in the Western District of Texas. Also, Defendants have hired and are hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit.  Accordingly, this Court's jurisdiction over the Defendants comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendants' purposeful minimum contacts with the State of Texas.

10.     This Court also has personal jurisdiction over Defendants, because in addition to Defendants' own online website and advertising with this District, Defendants have also made their products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

11.     The amount in controversy exceeds $75,000 exclusive of interests and costs.

12.     Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, Defendants have committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendants have regular and established places of business throughout this District, including at least at 111 Congress Avenue Floor 1, Suite 150, Austin, Texas 78701.

## THE PATENTS-IN-SUIT

13.     On April 27, 2021, United States Patent No. 10,992,480 ("the '480 patent"), entitled "Method and System for Performing a Transaction and for Performing a Verification of Legitimate Access to, or Use of Digital Data" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  On July 13, 2021, United States Patent No. 11,063,766 ("the '766 patent"), entitled "Method and System for Performing a Transaction and for Performing a Verification of Legitimate Access to, or Use of Digital Data" was duly and legally issued by the

United States Patent and Trademark Office ("USPTO"). The '480 Patent and '766 Patent claim patent-eligible subject matter and are valid and enforceable. Ward Participations B.V. is the exclusive owner by assignment of all rights, title, and interest in the '480 Patent and the '766 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '480 Patent and the '766 Patent. Defendants are not licensed to the '480 Patent or the '766 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '480 Patent or '766 Patent whatsoever. A true and correct copy of the '480 Patent is attached hereto as **Exhibit A**. A true and correct copy of the '766 Patent is attached hereto as **Exhibit B**.

14.     The '480 Patent and '766 Patent are referred to herein as the "patents-in-suit."

15.     Plaintiff Ward Participations B.V. is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

16.     The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Wells Fargo Mobile app with Samsung Pay (see, e.g., https://www.wellsfargo.com/mobile/payments/samsung-pay/).

## COUNT I
## PATENT INFRINGEMENT OF THE '480 PATENT

17.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

18.     Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '480 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

19.     Defendants also indirectly infringe the '480 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendants have knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '480 patent (such as their customers in this District and throughout the United States). Defendants continue to induce infringement of the '480 patent. Defendants have contributorily infringed and is a contributory infringer because, with knowledge of the '480 patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendants contribute to their customers' infringement because, with knowledge of the '480 patent, Defendants supply the technology that allows their customers to infringe the patent.

20.     Defendants have knowledge that their activities concerning the Accused Products infringe one or more claims of the '480 patent. On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '480 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe one or more claims of the '480 patent. Further, Defendants provide information and technical support to their customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging their customers to purchase and instructing them to use Defendants' Accused Products (which are acts of direct infringement of the '480 patent). Alternatively, Defendants know and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '480 patent but took deliberate actions to avoid learning of these facts.

21.     On information and belief, Defendants' infringement of the '480 patent has been willful and merits increased damages.

22.     On information and belief, Defendants have made no attempt to design around the claims of the '480 patent.

23.     On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '480 patent were invalid.

24.     On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

25.     Ward Participations B.V. has been damaged as the result of Defendants' willful infringement. Upon information and belief, Defendants will continue to infringe one or more claims of the '480 patent unless and until they are enjoined by this Court.

26.     Defendants have caused and will continue to cause Ward Participations irreparable injury and damage by infringing one or more claims of the '480 patent. Ward Participations will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '480 patent.

27.     The claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '480 patent are infringed by the Accused Products. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim.  Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

**COUNT II**
**PATENT INFRINGEMENT OF THE '766 PATENT**

28.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

29.     Defendants have, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '766 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

30.     Defendants also indirectly infringe the '766 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendants have knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '766 patent (such as their customers in this District and throughout the United States). Defendants continue to induce infringement of the '766 patent. Defendants have contributorily infringed and is a contributory infringer because, with knowledge of the '766 patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendants contribute to their customers' infringement because, with knowledge of the '766 patent, Defendants supply the technology that allows their customers to infringe the patent.

31.     Defendants have knowledge that their activities concerning the Accused Products infringe one or more claims of the '766 patent. On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '766 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe one or more claims of the '766 patent. Further, Defendants provide information and technical support to their customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging their

customers to purchase and instructing them to use Defendants' Accused Products (which are acts of direct infringement of the '766 patent). Alternatively, Defendants know and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '766 patent but took deliberate actions to avoid learning of these facts.

32.    On information and belief, Defendants' infringement of the '766 patent has been willful and merits increased damages.

33.    On information and belief, Defendants have made no attempt to design around the claims of the '766 patent.

34.    On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '766 patent were invalid.

35.    On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

36.    Ward Participations B.V. has been damaged as the result of Defendants' willful infringement. Upon information and belief, Defendants will continue to infringe one or more claims of the '766 patent unless and until they are enjoined by this Court.

37.    Defendants have caused and will continue to cause Ward Participations irreparable injury and damage by infringing one or more claims of the '766 patent. Ward Participations will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '766 patent.

38.    The claim chart attached hereto as **Exhibit C** describes how the elements of an exemplary claim 1 from the '766 patent are infringed by the Accused Products. This provides

details regarding only one example of Defendants' infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ward Participations respectfully requests the following relief:

A.      A judgment that Defendants have directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patents-in-suit;

B.      A judgment that Defendants have induced infringement and continues to induce infringement of the patents-in-suit;

C.      A judgment that Defendants have contributorily infringed and continues to contributorily infringe the patents-in-suit;

D.      A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F.      A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G.      A judgment and order awarding a compulsory ongoing royalty;

H.    A judgment and order awarding Plaintiff costs associated with bringing this action;

I.    A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendants, their officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the patents-in-suit; and

J.    Such other and further relief as the Court deems just and equitable.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38, Plaintiff Ward Participations hereby demands a trial by jury on all issues so triable.

Dated: November 17, 2021                    Respectfully submitted,

**Ramey & Schwaller, LLP**

Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Ward Participations B.V.***

11